IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AIX SPECIALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>H&W TANK TESTING, INC., BOBBY SULLIVAN, AND ALLISON SULLIVAN,<br><br>Defendants. | )<br>)<br>)<br>)  CIVIL ACTION NO.: 3:16-cv-642<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*Received 2016 AUG -5 A 8: 13, DEBRA P. HACKETT, CLK, U.S. DISTRICT COURT, MIDDLE DISTRICT ALA*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, AIX Specialty Insurance Company ("AIX"), files this complaint for declaratory judgment against the Defendants, H&W Tank Testing, Inc., Bobby Sullivan, and Allison Sullivan (collectively "Defendants"), pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, for the purpose of determining a question of actual, immediate controversy between the parties. In support hereof, AIX alleges as follows:

### PARTIES

1. AIX is a corporation organized under the laws of the State of Delaware with its principal place of business in Windsor, Connecticut.

2. H&W Tank Testing, Inc. ("H&W") is an Alabama corporation with its principal place of business in Ohatchee, Alabama.

3. Bobby Sullivan is a citizen of Georgia.

4. Allison Sullivan is a citizen of Georgia.

## NATURE OF THE CLAIM

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to determine an actual, existing, justiciable controversy between AIX and the Defendants regarding the parties' respective rights and obligations under Commercial General Liability Policy No. L1A-A243396-01 issued to H&W for the period March 1, 2016 to March 1, 2017.

6. AIX seeks a judgment declaring that the Policy does not cover any of the claims asserted by Bobby and Allison Sullivan against H&W in a lawsuit filed in the Circuit Court of Chambers County, Alabama, entitled *Bobby Sullivan and Allison Sullivan v. H&W Tank Testing, Inc.*, Civil Action No. 12-CV-2016-9000062.00 ("Underlying Suit"); that AIX has no duty under the Policy to defend H&W against the Underlying Suit; and that AIX has no duty to indemnify H&W against the Underlying Suit.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1332, because there is diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. The Policy provides General Liability coverage in the amount of $1,000,000 per occurrence with a $1,000,000 General Aggregate limit, and the Defendants have made policy limit demands.

8. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted below occurred within this judicial district.

9. Venue is also proper in this district under 28 U.S.C. § 1441(a) because the Circuit Court of Chambers County, State of Alabama, the state court where the Underlying Suit is located, is within this Court's district and division.

## FACTUAL BACKGROUND

10.  Bobby and Allison Sullivan filed the Underlying Suit against H&W on May 26, 2016.

11.  Bobby and Allison Sullivan allege that on March 11, 2016, Bobby Sullivan was driving a tanker truck hauling a propane tanker when a mechanical failure in the truck's "fifth wheel" caused a loss of control; that as a result, the tanker truck jack-knifed causing the tanker to come loose from the tractor; that the tanker was allegedly punctured during this incident, allowing for the uncontrolled release of propane; and that the propane tanker subsequently exploded, and Bobby Sullivan was severely burned.

12.  Bobby and Allison Sullivan allege that the propane tanker was owned by River City Propane, and that H&W was the entity retained to inspect and test the propane tanker.

13.  Bobby and Allison Sullivan allege that H&W's testing and inspection of the propane tanker was insufficient and that H&W's actions and omissions proximately caused Bobby and Allison Sullivan's injuries.

14.  The Underlying Suit asserts several causes of action against H&W, including negligence and wantonness, and seeks compensatory and punitive damages.

15.  On June 29, 2016, Bobby and Allison Sullivan submitted a policy limit demand to AIX.

16.  Subsequently, on July 6, 2016, H&W submitted a policy limit demand to AIX.

17.  By letter dated July 12, 2016, AIX denied coverage under Policy for the claims asserted by Bobby and Allison Sullivan against H&W in the Underlying Suit.

18.  On or about August 4, 2016, AIX agreed to defend H & W against the Underlying Suit under reservation of rights.

## THE AIX POLICY

19. The Policy's Insuring Agreement states that AIX will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," and that AIX "will have the right and duty to defend the insured against any 'suit' seeking those damages."

20. The Policy's Insuring agreement further states: "However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

21. The Policy is subject to a Testing Endorsement which excludes coverage for "bodily injury" and "property damage" arising out of:

> 1.  *An error, omission, defect or deficiency in:*
>
>     *a    Any test performed; or*
>
>     *b    An evaluation, a consultation or advice given; by or on behalf of any insured*
>
> 2.  *The reporting of or reliance upon any such test, evaluation, consultation or advise; or*
>
> 3.  *An error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.*

22. The Policy is also subject to a Pollution Exclusion which excludes coverage for, "'bodily injury' or 'property damage' which would not have occurred in whole or in part but the for the actual, alleged or threatened discharge, seepage, migration, release or escape of 'pollutants' at any time."

23. The Policy defines "pollutants" as, "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, fumes, acids, alkalis, chemicals and wastes…"

24. In addition, the Policy contains a Punitive Damages exclusion endorsement, which provides:

> *This insurance does not apply to damages assessed for punitive damages, exemplary damages, multiplied damages, fines, penalties or liquidated damages. If a "suit" shall have been brought against you for a claim falling within the coverage provided by this policy, seeking both compensatory and punitive damages, exemplary damages, multiplied damages, fines, penalties or liquidated damages, we will afford a defense to such action, but we shall not have an obligation to pay any cost, interest, or damages attributed to punitive damages, exemplary damages, multiplied damages, fines, penalties, or liquidated damages.*

## COUNT I: REQUEST FOR DECLARATORY RELIEF

(Testing Endorsement Exclusion)

25. AIX adopts and incorporates by reference the allegations set forth in paragraphs 1 through 24 of this Complaint as though completely and fully set forth herein.

26. Bobby and Allison Sullivan allege that their injuries are the direct result of H&W's improper, insufficient, and ineffective testing and inspection of the propane tanker.

27. There is no coverage under the Policy for Bobby and Allison Sullivan's claims against H&W as a result of the Policy's Testing Endorsement exclusion.

WHEREFORE, AIX respectfully requests that this Court enter a judgment declaring that: (i) the Policy does not cover Bobby and Allison Sullivan's claims against H&W in the Underlying Suit, (ii) AIX has no obligation under the Policy to indemnify H&W against Bobby and Allison Sullivan's claims in the Underlying Suit, and (iii) AIX has no obligation to defend H&W against the Underlying Suit. AIX further requests that this Court award all such other, further, and different relief as equity and the justice of this cause may require and permit.

## COUNT II: REQUEST FOR DECLARATORY RELIEF

(Pollution Exclusion)

28. AIX adopts and incorporates by reference the allegations set forth in paragraphs 1 through 24 of this Complaint as though completely and fully set forth herein.

29. Bobby and Allison Sullivan assert that Bobby Sullivan sustained severe bodily injuries as a direct result of the tanker explosion, which was due to the uncontrolled release of propane gas.

30. Propane gas is a "pollutant" under the Policy.

31. AIX seeks a judgment declaring that, under the Pollution Exclusion, there is no coverage under the Policy for Bobby and Allison Sullivan's claims against H&W in the Underlying Suit.

WHEREFORE, AIX respectfully requests that this Court enter a judgment declaring that: (i) the Policy does not cover Bobby and Allison Sullivan's claims against H&W in the Underlying Suit, (ii) AIX has no obligation to indemnify H&W against Bobby and Allison Sullivan's claims in the Underlying Suit, and (iii) AIX has no obligation to defend H&W against the Underlying Suit. AIX further requests that this Court award all such other, further, and different relief as equity and the justice of this cause may require and permit.

## COUNT III: REQUEST FOR DECLARATORY RELIEF

(Punitive Damages Exclusion)

32. AIX adopts and incorporates by reference the allegations set forth in paragraphs 1 through 24 of this Complaint as though completely and fully set forth herein.

33. Bobby and Allison Sullivan are seeking punitive damages as a result of H&W's alleged liability.

34. The Policy, however, specifically excludes punitive damages from coverage.

WHEREFORE, AIX respectfully requests that this Court enter a judgment declaring that: (i) the Policy does not cover Bobby and Allison Sullivan's claims for punitive damages, and (ii) AIX has no obligation to indemnify H&W for punitive damages.

s/*William E. Shreve, Jr.*
William E. Shreve, Jr. (SHR002)
A. Grady Williams IV (WIL373)
ATTORNEYS FOR PLAINTIFF
AIX SPECIALTY INSURANCE COMPANY

OF COUNSEL:

PHELPS DUNBAR LLP
P.O. Box 2727
Mobile, Alabama 36652
Telephone: (251) 432-4481
Telecopier: (251) 433-1820
bo.williams@phelps.com
william.shreve@phelps.com


PLEASE SERVE THE FOLLOWING VIA PRIVATE PROCESS SERVER:

H&W Tank Testing, LLC
*Through its agent for service*
A.M Highfield
1344 Grayton Road South
Ohatchee, Alabama 36271

Bobby Sullivan
2625 Crossroads Church Road
Buchanan, Georgia 30113

Allison Sullivan
2625 Crossroads Church Road
Buchanan, Georgia 30113